754

UNITED STATES LIGHTERAGE CORPO-
RATION v. PETTERSON LIGHTER-
AGE & TOWING CORPORATION
et al.

No. 16411.

District Court, E. D. New York.

June 11, 1942.

Thomas A. McDonald, of New York City, for libellant.

Macklin, Brown, Lenahan & Speer, of New York City, for petitioner.

Purdy & Lamb, of New York City, for respondent impleaded.

ABRUZZO, District Judge.

This is a hearing on exceptions of National Operating Company, Incorporated, to the petition of the respondent and for an order sustaining said exceptions and dismissing the petition impleading the National Operating Company, Incorporated.

The libellant, as bailee in possession of the deck scow "Jane Anne", filed a libel against the Petterson Lighterage and Towing Corporation. This libel alleges a verbal charter made on September 26, 1941, between the libellant and respondent on the usual terms of the ordinary harbor charter prevailing in New York Harbor, the libellant to employ and pay for the services of the Captain of the deck scow.

The scow remained in the possession of the respondent from September 26, 1941, to September 31, 1941, when the scow was returned to the libellant.

The libellant claims that upon its return the scow was badly injured and damaged, which damage was not the result of ordinary wear and tear. The libellant seeks compensation for the damages.

Upon being served with the libel, the respondent, Petterson Lighterage and Towing Corporation, petitioned the Court for permission to implead the National Operating Company, Incorporated. The petition alleged that stevedores, employed by the National Operating Company, Incorporated, who had been engaged by the owners of the steamship "Sines" from which the scow "Jane Anne" was to receive a cargo of cork, came on board the scow and worked all the day of September 26, 1941, loading cork on the scow. On September 27, 1941, the stevedores continued the loading and on the afternoon of that day, the scow was shifted to the end of Pier 28, where she remained over Sunday, September 28, 1941.

On September 29, 1941, the stevedores proceeded to shift the scow from the end of Pier 28 into the slip on the south side of said pier and moored her in the same position in which she had previously been outside of two other scows which were moored alongside the "Sines".

While in this position and while the stevedores were still on board, a fire broke out on the scow. Most of the damage for which the libellant seeks recovery was the result of this fire.

Article "Seventh" of the respondent's petition states: "If the persons who caused the fire and the damage resulting therefrom were, as claimed by libellant, the individuals who shifted the scow from the end of the pier to the position in which she was lying at the time the fire was discovered, then the fire was caused through the negligence and lack of care on the part of National Operating Company, Incorporated, its agents and servants, in causing a fire to be started on said scow."

By the present motion, the National Operating Company, Incorporated, excepts to the petition to implead it and seeks an or-

der sustaining its exceptions and dismissing the petition.

The action in Admiralty is on the ready calendar and about to be tried.

The National Operating Company, Incorporated, contends that the petition fails to state facts sufficient to constitute a cause of action against it.

The petitioner claims that if a charterer is required to plead fault, unconditionally against the stevedores, it may be bound by such pleading and be barred from asserting that no fault in connection with the fire on the scow has been established and the proper form of pleading for it to use is in the subjunctive mood. See The Fidelity (The Crow) Tanker Hygrade v. The Fidelity, D.C., 43 F.Supp. 180, 1942 A.M.C. 276, decided by Rifkind, D. J.

There are sufficient allegations in Articles "Fifth", "Sixth" and "Seventh" in the impleading petition to sustain petitioner's pleading. The facts alleged in the articles mentioned are definite enough to apprise the respondent-impleaded of the issues it will be required to meet upon the trial of this action.

Exceptions overruled.

Settle order on notice.